IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.	CRIMINAL NO. 3:17-cr-00141-CWR-FKB

DEONTE TERRELL PROCTOR

**GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)**

The United States of America, ("the Government"), by and through its undersigned Assistant United States Attorney, respectfully submits its Response in Opposition to Petitioner's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) and Memorandum in Support. [Dkt. Nos. 79 and 80]. Though styled as a motion pursuant to § 3582(c)(1)(A), a great portion of the Petitioner's motion and memorandum in support appear to be a successive §2255, rehashing matters that have been previously litigated. [Dkt. Nos. 43 and 49]. Nonetheless, to support its opposition, the Government would show unto the Court the following:

**I. PROCEDURAL HISTORY**

On November 28, 2017, Deonte Terrell Proctor, ("the Petitioner"), was indicted by a federal Grand Jury for violating Title 18, United States Code, Sections 922(g)(1) and 924(e)(1), being a felon in possession of a firearm. As part of that indictment, the United States provided notice of intent to seek criminal forfeiture of two firearms and ammunition.[1] Then, on July 19, 2018, the Petitioner pleaded guilty without the benefit of a plea agreement. The Petitioner met the prerequisites under the Armed Career Criminal Act, the Court sentenced him to 195 months, followed by a three-year term of supervised release and a fine of $1,500.00.

---

[1] Only one firearm is charged in the indictment, but both firearms involved in the alleged offense were subject to forfeiture.

1

After pleading guilty but prior to sentencing, the Petitioner filed a Motion to Set Aside Judgment, contending the indictment returned against him is "defective" based on his arguments that the charge was not submitted to the grand jury and the grand jury foreperson's signature is redacted. [Dkt. No. 43].  The Government filed its response in opposition. [Dkt. No. 44].  On September 12, 2019, the Petitioner moved the Court to hold in abeyance his § 2255 Motion until he was in federal custody and had received his case file from Attorney Mumford. [Dkt. No. 46].

Thereafter, on December 20, 2019, the Petitioner filed his second Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [Dkt. No. 49], alleging ineffective assistance of counsel and seeking relief by way of the decision in *Rehaif v. United* States, 139 S. Ct. 2191 (2019).  The Government moved for an affidavit from his counsel and for an extension of time to file a response. [Dkt. No. 50 and 51].  The Court granted the Government's Motions. [Dkt. No. 53].  After receiving the requested affidavit, the Government filed its response. [Dkt. Nos. 60 and 61][2].  On April 15, 2021, the Court entered an Order, finding in the Petitioner's favor regarding his counsel's failure to file an appeal, but all other requests were denied. [Dkt. No. 68]. Specifically, the Court found the Petitioner's arguments under *Rehaif* have no merit, as "Proctor's own statements indicated he had knowledge of his status as a convicted felon and that he possessed a firearm." [Dkt. No. 68, pgs. 10 and 11].

Subsequently, the Petitioner filed his Notice of Appeal. [Dkt. No. 70].  Upon making his appeal, the Fifth Circuit affirmed the district court's judgment, finding the Petitioner's three prior state drug convictions were sequentially committed and were offenses committed on occasions different from one another as required by the ACCA. [Dkt. No. 75].

Prior to his appeal, on March 22, 2021, the Petitioner filed a Motion for Compassionate Release, citing the COVID-19 pandemic as an "extraordinary and compelling" reason. [Dkt. No.

---

[2] Government's response was amended at Dkt. No. 61.

63]. The Court denied the Petitioner's motion, finding the § 3553(a) factors weighed against release, as he was arrested on the instant offense while on parole, had several previous criminal convictions, and had only served roughly 10% of his sentence. [Dkt. No. 73].

Now, the Petitioner files the subject motion and memorandum in support seeking a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), contending (A) the Armed Career Criminal Act ("ACCA") enhancement was inappropriately applied and cites to *Wooden* in support; (B) the Court erred in its sentence when it did not specify whether the sentence should run concurrent or consecutive with the state sentence; (C) the *Rehaif* decision impacts his conviction; and (D) the conviction of former Jackson Police Officer, Anthony Fox, is an extraordinary and compelling reason justifying a reduction.

For the reasons below, the motion should be denied.

## II.   ARGUMENT

"A court, on a motion by the Bureau of Prisons ("BOP") or by the defendant, after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if extraordinary and compelling reasons warrant such a reduction." *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (internal quotations omitted). The Sentencing Reform Act instructed the Commission to promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (internal quotations omitted). One restriction was provided, "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id*.

According to the statute, courts may hear § 3582(c)(1)(A) requests upon motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . ." *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020). This language is mandatory. *Id*. at 468. In fact, Congress has instructed courts not to modify a term of imprisonment if a defendant has not filed a request with BOP. *Id*.

The Petitioner provides an email dated February 13, 2023, addressed to Warden Colbert, requesting compassionate release, citing the amount of time he has served, his conduct in prison and family support. [Dkt. No. 79, Exhibit 1]. On February 21, 2023, Warden Colbert denied the Petitioner's request for compassionate release, advising the Petitioner that he may commence an appeal through the BOP administrative remedy process by filing a BP-9 within 20-days of receipt of the response. *Exhibit C*.

The text of Section 3582(c)(1)(A) states that "a prisoner has the option to file his motion in the district court upon the expiration of one of two events: (1) once he has fully exhausted all administrative rights to appeal. . . or (2) after the lapse of 30 days from the receipt of such a request by the warden." *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021) (internal quotations omitted). Basically speaking, "whichever of those events occurs earlier triggers the right to file in the district court." *Id*. (internal quotations omitted). Here, the Petitioner made his request, it was denied, but there is no record that the Petitioner filed an appeal through the BOP's administrative remedy process. The Petitioner has not exhausted his administrative remedies. *See Shelton v. Leon*, 648 Fed. Appx. 491, 492 (5th Cir. 2016), citing Huff v. Neal, 555 Fed. Appx. 289, 293 ("The BOP has a four-step process for resolving grievances by inmates. First, an inmate must attempt to informally resolve the issue with the staff. 28 C.F.R. § 542.13(a). The Inmate Handbook for the

4

facility in which Huff was incarcerated instructs that an inmate must attempt informal resolution by filing a form BP–8. Second, if informal resolution is unsuccessful, the inmate must submit a formal written Administrative Remedy Request (form BP–9) to the warden within twenty days after the date on which the basis for the request occurred. 28 C.F.R. § 542.14. Third, if the inmate is not satisfied with the warden's response, he may submit an appeal (form BP–10) to the Regional Director within twenty days of the date of the warden's response. 28 C.F.R. § 542.15. Fourth, if the inmate is not satisfied with the Regional Director's response, the inmate may submit an appeal (form BP–11) to the General Counsel within thirty days of the Regional Director's response. 28 C.F.R. § 542.15. An inmate has not exhausted his administrative remedies until his claim has been denied at all levels.").

To this extent, the Petitioner's request should be denied.

### A. The ACCA Enhancement was Appropriately Applied

The theory of the ACCA is that "those who commit a large number of fairly serious crimes as their means of livelihood are especially likely to inflict grave harm when in possession of a firearm." *Wooden v. United States*, 142 S. Ct. 1063, 1074 (2022) (internal quotations omitted). The statute "targets a particular subset of offenders – the "revolving door felons." *Id*.

In *Wooden*, the defendant unlawfully entered a one-building storage facility and proceeded to burglarize each unit within the facility, burrowing from unit to unit. *Id*. at 1067. He was charged with ten different burglaries, even though he committed the burglaries "on a single night, in a single uninterrupted course of conduct" and the crimes "all took place at one location – a one-building storage facility with one address." *Id*. at 1071. In essence, "each burglary in some sense facilitated the next, as Wooden moved from unit to unit to unit, all in a row." *Id*. The burglaries happened "during the same criminal episode, at the same business location, [and] under the same roof." *Id*. at 1068.

The Petitioner's case is distinguishable from *Wooden*. The Petitioner was previously convicted of the following:

- 2004 conviction in Hinds County Circuit Court for Receiving Stolen Goods (Cause Number 04-0-147). The crime was committed on October 10, 2003. Petitioner was sentenced to a three-year term of imprisonment, and a three-year term of supervised probation;

- 2005 conviction in Hinds County Circuit Court for Possession of Cocaine (Cause Number 05-0-175). Petitioner was stopped on August 15, 2004 by an patrol officer and found in possession of 2.75 grams of crack cocaine. He was sentenced to a four-year term of imprisonment, subject to RID, and a three-year term of supervised probation;

- 2009 conviction in Hinds County Circuit Court for Possession of Cocaine (Cause Number 09-0-445). Petitioner was approached by a Jackson Police officer and several rocks of crack cocaine was found in his pockets. He was sentenced to a 16-year term of imprisonment, with six years suspended, and a three-year term of supervised probation, to be served concurrent with 09-737, 09-738 and 09-739;

- 2009 conviction in Hinds County Circuit Court for Sale of Cocaine (Cause No. 09-0-737). Petitioner sold a Mississippi Bureau of Narcotics ("MBN") confidential informant approximately two ounces of crack cocaine on **April 8, 2009**. He was sentenced to a 16-year term of imprisonment, with six years suspended, and a three-year term of supervised probation, to be served concurrent with 09-445, 09-738 and 09-739;

- 2009 conviction in Hinds County Circuit Court for Sale of Cocaine (Cause No. 09-0-738). Petitioner sold a MBN confidential informant approximately one ounce of crack cocaine on **April 14, 2009**. He was sentenced to a 16-year term of imprisonment, with six years suspended, and a three-year term of supervised probation, to be served concurrent with 09-445, 09-737 and 09-739;

- 2009 conviction in Hinds County Circuit Court for Sale of Cocaine (Cause No. 09-0-739). Petitioner sold a MBN confidential informant approximately one ounce of crack cocaine on **April 20, 2009**. He was sentenced to a 16-year term of imprisonment, with six years suspended, and a three-year term of supervised probation, to be served concurrent with 09-445, 09-737 and 09-738;

- 2013 conviction in Hinds County Circuit Court for Possession of Cocaine; (Cause Number 15-0-168-01). Petitioner was found in possession of crack cocaine and a semi-automatic handgun on December 4, 2023. He was

sentenced to a six-year term of imprisonment to be ran concurrent with Cause Number 15-0-168-02 and consecutive to Cause Number 16-0-334;

- 2015 conviction in Hinds County Circuit Court for Felon with Firearm; (Cause Number 15-0-168-02). He was sentenced to a 10-year term of imprisonment, with five years suspended, served concurrent with Cause Number 15-0-168-01 and consecutive to Cause Number 16-0-334, and followed by a five-year term of supervised probation; and

- 2016 conviction in Hinds County Circuit Court for Possession with Intent to Distribute Crack Cocaine (Cause Number 16-0-334-00). Petitioner was stopped by Jackson Police Department on **March 2, 2015** and found to be in possession of crack cocaine and a digital scale. Search of Petitioner's phone revealed communications describing his illegal narcotics activity. He was sentenced to a 16-year term of imprisonment, with 10 years suspended, served consecutive with Cause Number 15-0-168-01, followed by a four-year term of supervised probation *Id*. at 15-16.

Each of the Petitioner's prior sales/distribution charges occurred on different dates: April 8, 2009; April 14, 2009; April 20, 2009; and March 2, 2015, and were not part of an "uninterrupted course of conduct" as described in *Wooden*. Unlike the defendant in *Wooden*, the Petitioner's conduct was not part of an ongoing chain of events and was not charged in the same instrument. Consequently, *Wooden* offers no support for the Petitioner's proposition and the Court's application of the ACCA was appropriate.

The Petitioner's reliance on *Wooden* is misplaced, as *Wooden*'s holding presents no extraordinary or compelling reason to re-evaluate the sentence imposed.

### B. District Court's Silence on How Sentence Should Run Merits No Reduction

The Petitioner alleges that the Court's failure to specify whether the sentence should run concurrent or consecutive warrants an 11-month reduction of his sentence, resulting in a release date of January 2030, as opposed to July 22, 2033. [Dkt. No. 80, pg. 8]. The Petitioner argues that the Court's silence on this issue is an extraordinary and compelling reason warranting a reduction. [Dkt. No. 80, pg. 8].

This issue should have been raised in a habeas corpus petition under 28 U.S.C. § 2241. See *United States v. Gabor*, 905 F.2d 76, 77–78 (5th Cir. 1990). Section 2241 petitions are mechanisms for post-conviction relief wherein a "prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). This portion of the Petitioner's motion should be dismissed for lack of jurisdiction.

In cases where "the sentencing court makes no mention of a prior state sentence, the federal sentence shall run consecutive to the state sentence." *Jones v. Joslin*, 635 F.3d 673, 674 (5th Cir. 2011). Section 3584(a) and precedent "recognize a strong presumption that separately imposed sentences are to run consecutively, and they place the onus on the district court to specifically order when it wishes to depart from this default rule." *Id*. at 674-75 (Although Jones's federal judgment is in artfully worded, and perhaps even ambiguous, it cannot specifically order the federal sentence to run concurrent with the state sentence when the judgment never mentions the state sentence.). Thus, even if the Court had jurisdiction, this portion of the Petitioner's motion should be denied on the merits.

### C.  *Rehaif* Does Not Affect the Petitioner's Sentence

The Supreme Court's holding in *Rehaif* requires a person to know of both his status and his possession of a firearm to "knowingly violate" the ban in 18 U.S.C. § 922(g) on certain categories of persons possessing firearms. 139 S. Ct. 2191 (2019). Specifically, the Supreme Court held the word "knowingly" applies to the "possession element in the statute, as well as the "status element." In other words, "the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. at 2200. In effect, the decision in *Rehaif* "did not announce a new rule of

constitutional law -- rather, it clarified that knowledge of one's status as a felon is an element of Section 922(g)(1)." *United States v. Finley*, 805 Fed. Appx. 823, 826 (11th Cir. 2020).

At the beginning of the proceedings, the Petitioner was provided with a copy of his indictment which charged him with being a felon in possession of a firearm. "Such circumstances, standing alone, give rise to a presumption that the defendant was informed of the nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998).

On July 19, 2018, **nearly a year before** the *Rehaif* decision, the Petitioner elected to plead guilty. During the plea hearing, the Court instructed the Petitioner as to the charges in the indictment and the elements of § 922(g)(1). *Exhibit A*, at 10-12. The Court explained all the elements of the offense, including the requirement that the Government prove that the Petitioner knowingly possessed a firearm on December 2, 2016, and that the Petitioner had previously been convicted in a court of a crime punishable by imprisonment for a term of more than one year, that is, a felony offense.[3] *Id*. at 11-12. When asked, the Petitioner stated no one threatened, forced or coerced him to enter a guilty plea. *Id*. at 12. He agreed with the Court that he was entering a guilty plea voluntarily and of his own accord. *Id*. The Court then explained the possible penalties, including the penalties under the Armed Career Criminal Act. *Id*. at 13-14. The Court then instructed the Government to explain what it would prove should the case proceed to trial. *Id*. at 14. The Government articulated the following:

> On or about December 2, 2016, Jackson Police Department served a search warrant on 213 Archer Avenue, Jackson, Mississippi. *Id*. at 14-15. During the service of the warrant, Deonte Terrell Proctor, attempted to flee in his car and in the process almost ran over a detective. *Id*. at 15. While attempting to flee in his car, Proctor crashed into a ditch, then attempted to flee on foot and threw a firearm in some bushes. *Id*. The firearm that Proctor threw was recovered and a second firearm was found underneath the passenger's seat of the vehicle Proctor was driving. *Id*. After being Mirandized and during an interview, Proctor

---

[3] Prior to the *Rehaif* decision, the Government only had to prove the fact that a defendant was prohibited (i.e., a felon), not that the defendant knew his status.

9

> admitted that the firearm he threw was his, but denied the firearm found in his car. *Id*. The Defendant is a convicted felon and has the following prior convictions:
> - A conviction in Hinds County Circuit Court for Receiving Stolen Goods;
> - A conviction in Hinds County Circuit Court for Possession of Cocaine;
> - A conviction in Hinds County Circuit Court for Sale of Cocaine and Possession of Cocaine;
> - A conviction in Hinds County Circuit Court for Possession of Cocaine;
> - A conviction in Hinds County Circuit Court for *Felon with Firearm*; and
> - A conviction in Hinds County Circuit Court for Possession with Intent to Distribute.

*Id*. at 15-16. At the conclusion of the Government's recitation, the Petitioner stated he agreed with the facts. *Id*. at 16. The Petitioner had, in effect, admitted he possessed a firearm on or about December 2, 2016, even though he was a convicted felon prior to his possession.

Prior to sentencing, the United States Probation Office ("Probation") completed a presentence investigation and compiled its finding in a Presentence Investigation Report ("PSR"). [Dkt. No. 36]. According to the PSR, when the Petitioner was apprehended, read his *Miranda* rights and asked why he threw the weapon, the Petitioner replied, "Because I'm a convicted felon, sir." [Dkt. No. 36 ¶ 13]. The PSR also contained a statement composed and signed by the Petitioner. [Dkt. No. 36 ¶ 25]. In the statement, the Petitioner declared the following:

> You see, your honor, I am guilty. I did it and I deserve punishment. I am a convicted felon, I possessed a firearm, I know it was against the law and I was not supposed to have that gun. But, I had it anyway.

*Id*. The Petitioner's statement confirms his knowledge of his prohibited status and his knowledge of the criminality of his conduct.

At sentencing, the Petitioner, by and through his former counsel, filed several objections to the PSR. *Exhibit B* at 7-8. The Court heard argument and overruled the objection as to the enhancement for possession of the firearm along with committing another felony offense –

10

possession of the illegal drugs in a prescription bottle. *Id*. The Court also heard argument regarding the applicability of the ACCA. During argument, the Government explained the Petitioner's multiple convictions for the sale of cocaine,[4] which qualified as serious drug offenses under the ACCA. *Id*. at 8-10. Consequently, the Court overruled the Petitioner's objection, and the enhancement was applied. Before he was sentenced and during allocution, the Petitioner told the Court that he accepted responsibility, and he knew he was wrong. *Id*. at 11. After resolving objections to the PSR, the Court considered the factors outlined under 18 U.S.C. § 3553(a), the offense conduct and the characteristics of the Petitioner in handing down its sentence of 195 months in prison. *Id*. at 13-14.

*Rehaif* goes to knowledge of felon status and knowledge of possession – not to whether the sentence was proper, which appears to be the Petitioner's argument. Nowhere in his motion or memorandum does the Petitioner provide any facts that would implicate *Rehaif*. Instead, from the beginning and throughout the proceedings, the Petitioner continuously stated that he knew he was a felon and admitting possessing the firearm.

The Petitioner's *Rehaif* argument has no merit.

**D. Officer Fox's Conviction Provides No Justification for Relief**

The Petitioner references a conviction of former Jackson Police Department officer Anthony Fox ("Fox"). Fox was sentenced to 20-years, 15-years suspended, for culpable negligence manslaughter. Fox was accused of pulling a suspect from a car and repeatedly striking him in the head and chest. The suspect died two days later. The Petitioner contends that extraordinary and compelling reason now exists as to "foul play or misconduct" since Fox was involved in his arrest and found the weapon.

---

[4] While the Petitioner was sentenced on some of his convictions the same date, each sale of cocaine occurred on different dates, making all of them count as separate convictions under the ACCA.

The Petitioner, however, neglects to mention that there were multiple JPD officers and detectives on scene to execute a search warrant at the residence where Petitioner was encountered. Any assistance Fox provided with the search warrant or observed regarding the Petitioner throwing the firearm does not change the fact that the Petitioner was *Mirandized*, interviewed, and admitted the firearm he threw as his. The confession was audio and video recorded.

In addition, Fox's charges have no bearing on his credibility. He is charged with culpable negligence manslaughter – not a crime of dishonesty. There is nothing exceptional or compelling about Fox's conviction warranting a reduction of the Petitioner's sentence.

## III. CONCLUSION

Based on the foregoing, the Defendant's Motion and Memorandum in Support [Dkt. Nos. 79 and 80] should be denied.

RESPECTFULLY SUBMITTED, this the 19th day of October 2023.

> DARREN J. LAMARCA
> UNITED STATES ATTORNEY
>
> By:   */s/ Keesha D. Middleton*
>        KEESHA D. MIDDLETON (MSB#104549)
>        Assistant United States Attorney
>        501 E. Court Street, Suite 4.430
>        Jackson, Mississippi 39201
>        Phone: 601.965.4480
>        Email: Keesha.Middleton@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I have filed the foregoing with the Clerk of the Court using the electronic filing system, ECF, which sent notification to all parties of record and I have this day mailed, postage prepaid, a true and correct copy of the foregoing motion to Petitioner Deonte Terrell Proctor at his mailing address of FCI Yazoo City, Inmate number 20607-043, P.O. Box 5000, Yazoo City, Mississippi 39194.

This the 19th day of October 2023.

*/s/ Keesha D. Middleton*
KEESHA D. MIDDLETON
Assistant U.S. Attorney