# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**UNITED STATES OF AMERICA**,

        *Plaintiff*,

*v.*              Cause No. 3:17-CR-141-CWR-ASH-1

**DEONTE TERRELL PROCTOR**,

        *Defendant*.

## ORDER

On August 28, 2023, Defendant Deonte Proctor filed a *Motion to Reduce Sentence*. Docket No. 79. The Government responded in opposition. Docket No. 81. The Court received a *Reply* to the Government's *Response in Opposition*. Docket No. 82. Now before the Court is Mr. Proctor's January 24, 2024 *Motion*, Docket No. 83, wherein:

   I.   Mr. Proctor informs the Court that a "legal research company – Alert 2020" fraudulently filed the *Reply* at Docket No. 82 without Mr. Proctor's authorization. He, therefore, asks this Court to set aside that *Reply*.
  II.   Because the *Reply* was allegedly filed without Mr. Proctor's consent, he asks this Court for leave to file a Reply on his own behalf.
 III.   Lastly, Mr. Proctor informs the Court that he did not receive the Government's *Response in Opposition* and asks this Court for a copy of that filing.

Upon review, the *Motion* will be granted.

Mr. Proctor's allegation that a company called "Alert 2020"[1] filed a *Reply* without his consent is well-taken. Although the filing contains his signature, *see* Docket No. 82-1, a brief examination suggests that it is merely a copy-and-paste of his signature from his opening

---

[1] The company's website appears to be https://federal-alert.com/.

brief, *see* Docket No. 80 at 16. Moreover, although Mr. Proctor is housed at FCC Yazoo City in Yazoo City, Mississippi, the envelope containing the *Reply* originated in Houston, Texas— the same city in which Alert 2020 is headquartered.[2] That, coupled with Mr. Proctor's contention that he did not consent to the filing of the *Reply*, leaves this Court to believe that Mr. Proctor possibly "did not ever even see, or have read to him [the *Reply*] received by the clerk." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). It further calls into question what role Alert 2020 has assumed in this litigation. In fact, Proctor's allegations suggest that Alert 2020 has violated Mississippi law, which prohibits anyone who is not licensed by the State of Mississippi to engage in the practice of law. *See* Miss. Code Ann. § 73-3-55 (2006); *see also In re Estate of Dabney*, 740 So. 2d 915, 921 (Miss. 1999).

"The purpose of requiring in Rule 11(a) unrepresented parties to sign their pleadings . . . was to make certain that those named as parties in an action in which there was no lawyer actually had assented to the filing of the action on their behalf." *Id.* (citing 5A Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1334 at 54–55). For that reason, Mr. Proctor's request to set aside the *Reply* at Docket No. 82 is **GRANTED**.

Given Mr. Proctor's allegation, the Court will allow him to file a Reply on his own behalf. His request is, therefore, **GRANTED**. Mr. Proctor has 30 days to file his Reply to the Government's *Response in Opposition*.

---

[2] The postage stamp on the envelope containing the *Reply* identifies a 77070 zip code. *See* Docket No. 82-2. Alert-2020's website provides the following address: 8300 F.F. 1960 Rd. W., Ste. 450, Houston, TX 77070. GET IN TOUCH, https://federal-alert.com/ (last visited Mar. 4, 2024).

Finally, Mr. Proctor's request for a copy of the Government's *Response in Opposition*, Docket No. 81, is **GRANTED**. Chambers staff shall mail a copy of the filing to Mr. Proctor at his last known address.

**SO ORDERED**, this the 12th day of March, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
