IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA,

 Respondent,

v.

DEONTE TERRELL PROCTOR,

 Petitioner.



CASE NO. 3:17-cr-141-CWR-ASH-1

Honorable Judge Presiding

## IN REBUTTAL TO GOVERNMENT'S RESPONSE AFTER JUDGE'S ORDER

COMES NOW, Petitioner, Deonte Terrell Proctor, ["Proctor"], in pro se,[1] HEREBY NOW SUBMITS this REBUTTAL to the Government's Opposition, dated October 19, 2023 and just received at this FCC-Yazoo City Medium U.S.P. Facility on March 15, 2024, after JUDGE'S ORDER[2] allowing Proctor to file a REBUTTAL due to extraordinary and compelling circumstances that previously impeded/prevented Proctor from filing a REBUTTAL, pursuant to all Federal Rules, Regulations and Procedures in conjunction with 18 U.S.C.§ 3582(c)(1)(A)(i) and the First Step Act of 2018.[3]

### I. ARGUMENT

A. THE GOVERNMENT IS MISLED - EXHAUSTION OF REMEDY ENDS WITH WARDEN'S DENIAL -

The exhaustion requirement to file for compassionate release or reduction of sentence, is satisfied if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to

---

[1] See Haines v. Kerner, 404 U.S. 519, 520-21 (1972)
[2] Doc 84 P. 1-3
[3] Pub. L. No. 115-391. 132 Stat. 5221

bring a motion on the defendant's behalf" or if 30-days have elapsed "from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); see also 28 C.F.R. § 571.61(a)(providing that a prisoner's Section 3582(c)(1)(A) request for compassionate release must be submitted to the warden of his facility). Proctor has satisfied the exhaustion of his remedy to the Warden.

    B.   HAD PROCTOR BEEN SENTENCED TODAY - PROCTOR WOULD NOT BE AN ARMED CAREER CRIMINAL UNDER § 924(e) -

The government is misled, when the court applied three prior Sale of Cocaine convictions as three separate convictions for purposes of the ACCA § 924(e) enhancement, which today those three separate convictions would count as one conviction. Under the Occasions Clause, crimes within a spree, like Wooden and like Proctor's Cocaine Sale spree, do not count as separate ACCA predicate offenses because of the statutory language. Sequential crimes can occur on one occasion and, because the federal criminal § 924(e) statute is ambiguous, then the statute should be interpreted in the defendant's favor. See Ocasio v. U.S., 578 U.S. 282, 295, n. 8 (2016); see also Rule of Lenity. The government is incorrect because Proctor's prior Sale of Cocaine cases were one spree; in one sequential event with one same motive; and by the same means, with no intervening arrest, charged on all three offenses on the same date and ran concurrent sentences with one another. All three Sale of Cocaine convictions that were predicates used to ACCA (§ 924(e)) enhance Proctor's sentence now rises to the level of extraordinary and compelling when those convictions arose from the same conduct, same scheme and purpose, similar to an ongoing chain of events. See U.S. v. Wooden, 595 U.S. 360 (2022).

"Offenses committed close in time in an uninterrupted course of conduct, will often count as part of one occasion; not so offenses separated by substantiated gaps in time or significant intervening events." "Proximity of location is also important; the further away crimes take place, the less likely they are components of same criminal event. And the character and relationship of the offenses may make a difference: The more similar or intertwined the conduct giving rise to the offenses the more, for example, they share a common scheme or purpose - the more apt they are to compose one occasion." Wooden v. U.S., 142 S.Ct. 1070, 1071 (2022); U.S. v. Abram, 2023 U.S. Dist. LEXIS 67401 (5th Cir. 4/18/2023).

Proctor's prior Sale of Cocaine occurred with the same C/I (confidential informant) at the same place, with the same amounts on April 8, 2009, April 14, 2009 and April 20, 2009 having no intervening arrest (only one common scheme or purpose - similar or intertwined in the conduct), in all compose one occasion. Id. The Supreme Court ruling is an intervening change in law and raises the question of Proctor's prior predicates for Sale of Cocaine under todays § 924(e) and in combination with the First Step Act under Section 401 and it's definition of "serious drug offense" for purposes under § 924(e) now rises to the level of extraordinary and compelling that warrant Proctor a sentence reduction, due to the fact that he would not be sentenced under the ACCA enhancement if he was sentenced today.

C. REHAIF IS EXTRAORDINARY AND COMPELLING -

Section 1B1.13(b)(5), policy provision recently amended under the new Guideline changes and went into effect on November 1, 2023, states extraordinary and compelling reasons can exist for "[o]ther reasons" when "[t]he defendant presents any other circumstances or combination of cir-

cumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." This catch-all provision allows the court discretion over what may qualify as extraordinary and compelling." Additionally, 1B1.13(d) allows the court to consider "rehabilitation of [Proctor] while serving the sentence... in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."

Proctor's Rehaif claim is a valid concern and issue for "other reasons" to review Proctor's Rehaif claim as extraordinary and compelling.

D. JAIL TIME CREDITS DOES WARRANT "OTHER REASONS" TO CONSIDER EXTRAORDINARY AND COMPELLING -

Congress amended 18 U.S.C. § 3582(c)(1)(A) in the First Step Act of 2018, to address BOP's failure to bring individuals eligible for compassionate release to the court's attention. See Publ. L. No. 226-391, § 603, 132 Stat. 5194, 5238-40 (2018); see also U.S. v. Almontes, No. 3:05-cr-58, 2020 WL 1812713, *1 (D. Conn. 4/9/2020)("it is widely acknowledgted that the BOP fell short in its gatekeeping role and that, as a result, too few inmates were granted compassionate release.") U.S. v. Rodriguez, 2020 WL 1627331, *2 (E.D. PA 4/1/2020)(noting that only 24 inmates were released per year by BOP Motions from 1984 to 2013).

Just like the BOP, the government would mirror the BOP's failure to bring individuals eligible for compassionate release to the Court's attention, due to meeting their own agenda of continual ongoing warehousing of inmates. Nothing in the First Step Act requires an extraordinary and compeeling reason to be raised on a "§ 2241 Petition." See Doc. 81, P. 8 L. 1-2 (where the government used an old 1990 case to support their opposition). It is not about "lack of jurisdiction." id. at P. 8, L. 4-5.

When the court's sentence was silenced as to concurrent and/or consecutive to any other pending state issue, the BOP automatically will consider the inmate's sentence as consecutive. This now raises "another reason" that rises to the level of extraordinary and compelling because (1) Proctor's violation from the State Probation matter centered around the Federal Indictment and "new offense and conviction; making him eligible for jail time credits under U.S.S.G. § 5G1.3; (2) the Court's original intent to sentence Proctor to 195-months, but without the jail time credits that are warranted, Proctor is now serving a 206-month sentence; and (3) Proctor provided several case law of other inmates who raised JAIL TIME CREDITS as extraordinary and compelling, in which those cases are all current and not case law from 1990. i.e., U.S v. Arthur Hicks, 2023 U.S. App. LEXIS 140099 (E.D. N.C. 8/11/2023) (where [like Proctor] the BOP calculated Hicks sentence such that the entire sentence was run consecutive to the relevant state case, presenting extraordinary and compelling reason to reduce his sentence because "a federal sentence cannot commence prior to the date it was imposed" in which, Hicks sentence was imposed before the state sentence, the court granted a six month reduction for time spent in the state of six months after his federal sentencing). Proctor's state probation was not revoked until he was finished with his federal charges and final disposition. That time included from December 14, 2017 thru to October 26, 2018, or approximately 11-months. Although Proctor's sentence was silent and the BOP treated the silent matter as a "consecutive sentence," having imposed his federal sentence prior to the State of Mississippi revoking his Probation after his Federal Sentence, a concurrent sentence pronounced in this court would allow Proctor a NUNC PRO TUNC designation that would also include the time spent in State custody from October 26,

2018 up and through to his Parole/Probation Release date from State custody to the U.S. Marshals on September 18, 2019, or an additional 11-months. This would now include a (4)th circumstance in addition to (1) thru (3), that is, that Proctor would now be serving an additional 22-months, or 26-months when including good time credits not accounted for during both time periods, or a 221 month term of imprisonment. An additional 26-months above and beyond the court's original intent of 195-months. Unlike the government's contention that is misconstrued as a § 2241 argument, jurisdiction is not the issue. The issue is whether or not an additional 26-months, or 221-month term of imprisonment rises tothe level of extraordinary and compelling ["other reasons under § 1B1.13(b)(5)"], when the court's original intention was to sentence Proctor to a 195-month term after carefully considering all § 3553(a) factors. A 221-month term of imprisonment is not only unnecessary, but contrary to the § 3553(a) factors. 18 U.S.C. § 3553(a)(1), (2)(B)-(C), and (6).

### E. FOX'S ARREST AND CONVICTION DOES PROVIDE JUSTIFICATION FOR REVIEW AS EXTRAORDINARY AND COMPELLING IN DETERMINING A REDUCTION OF SENTENCE FOR PROCTOR AND/OR RELIEF -

Although the government again has misconstrued Proctor's extraordinary and compelling circumstance involving Agent Fox (Anthony Fox - former Jackson Police Department Officer) and his role on Proctor's case. First and foremost, although there were "multiple JPD Officers and detectives on scene [at the] exec[ution] of a search warrant at the residence where Proctor was encountered," (See Doc. 81, P. 12, L. 1-2), the government failed to mention that Officer Fox was the one that found the alleged weapon to implicate Proctor.

Further, even though the government relies on the confession of Proctor's audio and video recording, the audio and video recordings were edited to not show Fox's coercive threats of using additional

weapons to implicate Proctor with unless he confessed to the weapon that Fox had found. It is well known that Fox had a vendetta towards Proctor's brothers and used Proctor as a "scapegoat." Fox's charges have a huge bearing that is substantial and does have bearing on his credibility. Although the government contends that FOX's culpability only involved "negligence manslaughter," not a crime involving "dishonesty," Proctor will illustrate just how absurd this contention the government raises. Doc. 81, P. 12, L. 6-7.

An Officer's duty is to protect and serve the public, community, neighborhoods, United States of America citizens who live in the state and reside in the cities, communities, towns, homesteads, homes, residences, etc., that those sworn Officers are hired to protect and serve. When an Officer breaks that oath and promise and commits illegal and disreputable law enforcement tactics whether it is negligent manslaughter[4] (abuse of power using excessive force to negligently cause injury or death), but is now a convicted felon and has no credibility now (using the U.S. Atty's throughout the country that reference all convicted felons have no credibility); see U.S. v. Keith, 2022 U.S. Dist. LEXIS 122521 (7/12/22)(where Agent Chad Scott's[5] arrest and conviction creates lack of credibility and was considered as extraordinary and compelling reason for a reduction of sentence); see also U.S. v. Mitchell, 2020 U.S. Dist. LEXIS 187816 (10/9/2020).

For the government to contend that an ex-police officer, who broke an oath and promise to their official duty and calling, that those charges he was convicted of have no bearing on his credibility, the government better step back and look at all of their convictions and their free use of "credibility." Fox's actions, conviction, broken oath and promise, fired from the JPD, and lack of credibility questions his involvement in Proctor's arrest

---

[4] Reduced to a lesser offense
[5] See U.S. v. Chad Scott, 2018 U.S. Dist. LEXIS 128541

-7-

## II. CLOSING

THEREFORE, based on the foregoing, Proctor has established "other reasons" that are extraordinary and compelling under § 1B1.13(b)(5) and 18 U.S.C. § 3582(c)(1)(A), in all warrant a reduction of sentence and/or a compassionate release. Proctor now moves this Court to use its broad discretion when investigating all issues/circumstances raised and in combination of the § 3553(a) factors, develop a new analysis by GRANTING Proctor a sentence reduction and/or in the alternative a compassionate release, preventing any fundamental miscarriage of justice.

DATED: 3/16/2024

_____
Deonte Terrell Proctor
Petitioner/Pro Se/Affiant

## CERTIFICATE OF SERVICE

I, Deonte Terrell Proctor hereby certify and declare that a true copy of my REBUTTAL to the government's RESPONSE was placed in a prepaid sealed envelope and placed in the FCC-Yazoo City MEDIUM U.S.P. Mailbox addressed to the following:

U.S. District Court
Southern District of Mississippi
Clerk of the Court
US Courthouse - Northern Division

U.S. Attorney's Office
Keesha D. Middleton
AUSA
501 E. Court Street
Suite 4.430
Jackson, MS 39201

Dated: 3/16/2024

_____
Deonte Terrell Proctor
Pro Se/Affiant

-8-